**Edward David JONES, Petitioner—Appellant,**

v.

**Joseph McGRATH, Warden, Respondent—Appellee.**

No. 06–17262.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2008.

Filed April 30, 2008.

Edward David Jones, Corcoran, CA, pro se.

Laura Wetzel Simpton, Esq., Office of The California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: FERGUSON, TROTT, and THOMAS, Circuit Judges.

MEMORANDUM *

Edward David Jones appeals the district court's denial of his habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm the district court's decision.

Jones raises two arguments on appeal. He first contends that the trial court violated his due process rights by admitting evidence that a prosecution witness feared that Jones would have him killed if he testified. However, *United States v. Abel* held that "[p]roof of bias is almost always relevant" and explained that "[b]ias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest." 469 U.S. 45, 52, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). Because testimony about the witness' fear of Jones is relevant under *Abel,* we cannot agree with Jones's contention that the state court decision was "contrary to, or involved an unreasonable application of" Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

Jones also contends that the trial court erred by limiting his cross-examination of a prosecution witness and that that error was not harmless. We agree with the California Court of Appeal's decision that

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the limit on cross-examination violated Jones's rights under the Confrontation Clause of the Sixth Amendment. We also agree with the Court of Appeal's conclusion that, in light of the material evidence in the record supporting the jury's guilty verdict and the fact that the witness' testimony was not central to the prosecution's case, the error was harmless beyond a reasonable doubt. *See Delaware v. Van Arsdall,* 475 U.S. 673, 678–79, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.